ORIGINAL

FILED
JAN 2 4 2008
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MIKI HENRY<br>4901 Roblee Drive<br>Upper Marlboro, MD 20772<br>PLAINTIFF | : | |
| VS. | : | NO. 08-54 C |
| ARMY & AIR FORCE EXCHANGE SERVICE<br>PO BOX 650428<br>Dallas, Texas 75265-0428<br>DEFENDANT | : | |

## COMPLAINT

Plaintiff, Miki Henry (hereinafter Henry), by and through her attorney, William J. Howard, Esq., files this complaint against ARMY & AIR FORCE EXCHANGE SERVICE a non-appropriated fund instrumentally of United States (U.S.), (hereinafter AAFES) and in support thereof, avers the following:

## PARTIES

1. Plaintiff was, and at all times relevant hereto, a clerical employee in good standing with AAFES functioning as a clerical employee at Andrews Air Force Base, in Prince Georges County, Maryland.

2. On the 24th Day of May 2002 the Plaintiff elected to file for spousal life insurance on behalf of her husband, Fleetwood A. Henry. The life insurance benefit was provided by AETNA Insurance Company (hereinafter AETNA) and was in the face amount of $30,000.00.

3. AAFES undertook to process the application and forward it to AETNA for coverage.

4. AAFES began deducting the premium for the supplemental life insurance on or about June 7th, 2002. The policy was in the amount of $30,000.00 with the Plaintiff being the named beneficiary.

5. AAFES employees undertook to process the enrollment application and were required to forward it to AETNA. On December 18th, 2005 Fleetwood Henry died. The Plaintiff filed a claim for death benefits pursuant to the supplemental life insurance coverage.

6. On February 27, 2006 AAFES notified the Plaintiff that the supplemental life insurance forms had never been received by AETNA and, as a result, AETNA never enrolled the decedent under the insurance program and the claim was denied.

## JURISDICTION

7. This Court has subject matter jurisdiction pursuant to the Tucker Act, 28 USC 1491, as this claim is against a non-appropriated fund instrumentality of United States, is pursuant to the regulations of AAFES, is pursuant to an implied contract with AAFES, and is not sounding in tort.

## GENERAL ALLEGATIONS

8. The Plaintiff entered into an employment agreement with AAFES whereby it agreed to provide certain benefits in exchange for work performed for them. One of the benefits was eligibility for dependant life insurance coverage.

9. The only way that the Plaintiff could process her application for supplemental life insurance was to complete the appropriate forms and surrender them to the personnel office for

AAFES who would undertake to forward the forms to the AETNA and deduct the agreed upon insurance premiums from Plaintiff's paycheck.

11. At no time prior to the death of her Husband did AAFES, AETNA, their agents, servants, or employees, notify Plaintiff that the application for dependant life insurance had never been processed.

12. The Plaintiff trusted and justifiably relied upon AAFES to process the insurance application which reliance was confirmed by the fact that the premium payments were deducted from her salary. The Plaintiff relied upon AAFES and did not secure life insurance on her Husband from any other source.

13. It was only after her Husband's death, and after she had filed a claim for benefits that she was notified that there had been no insurance application processed.

**COUNT I**

**Breach of Fiduciary Duty**

14. The Plaintiff incorporates by reference paragraphs 1- 13 as if fully set forth at length herein and further states.

15. AAFES personnel had a fiduciary duty to review and process the Plaintiff's application for spousel life insurance on behalf of her late Husband.

16. Plaintiff relied upon representations both in fact and in practice from AAFES that the Insurance application would and had been forwarded to AETNA.

17. That subsequent to submitting the application Plaintiff was assured that the insurance was in place as AAFES begun to deduct the agreed upon premium for the life insurance.

18. That at some point, AAFES knew, or should have known, that the insurance application was never processed.

19. That AAFES failed in its' duty to process the application and failed to timely notify the Plaintiff that the insurance had never been issued by AETNA.

20. The Plaintiff relied upon AAFES's obligation to process the application and it's obligation to notify her of a denial or defect in the application process in sufficient time to seek out alternate insurance and/or to correct any defect in the application process.

21. AAFES knew or should have known that the Plaintiff would depend upon their expertise in regards processing of the life insurance applications.

22. A fiduciary relationship exists when confidence is reposed on one side as a resulting superiority and influence on the other or trust is justifiably reposed.

23. That the Plaintiff relied upon the Defendant to process the application which reliance was based, in part, upon the Defendant's withholding the actual insurance premiums from the Plaintiff's salary.

24. The Plaintiff further relied, to her detriment, by not securing other life insurance on Fleetwood Henry's life which, but for the actions of the Defendant, she would have undertaken.

25. That as a result of the Defendant's actions the Plaintiff as named beneficiary was denied insurance benefits in the amount of $30,000.00

WHEREFORE, Miki Henry, respectfully requests that this Court enter judgement in her favor and against AAFES, in the amount of $30,000, plus costs of suit, pre and post judgement interest and counsel fees.

**COUNT 2**

26. The Plaintiff incorporates by reference paragraphs 1-25 as if fully set forth at length herein and further states.

27. AAFES personnel had a contractual obligation to review and process the Plaintiff's application for spousal Life Insurance on behalf of her late Husband.

28. The Plaintiff relied upon AAFES that it would process the insurance application and forward it to AETNA.

29. In consideration of her employment with AAFES and as part of that consideration AAFES agreed to process the applications for life insurance coverage and collect the premiums from the Plaintiff's salary.

30. That AAFES failed in its duty to process the application and failed to timely notify the Plaintiff that the insurance had never been issued by AETNA.

31. The Plaintiff relied upon AAFES's obligation to process the application and it's obligation to notify her of a denial or defect in the application process in sufficient time to seek out alternate insurance and/ to correct any defect in the application process

32. AAFES had the contractual obligation to exercise it's expertise in processing Plantiff's insurance application. Including notification of any fatal flaws in the process.

33. That as a result of the Defendant's breach of contract the Plaintiff, as named beneficiary, was denied insurance benefits in the amount of $30,000.00.

**COUNT 2**

26. The Plaintiff incorporates by reference paragraphs 1-25 as if fully set forth at length herein and further states.

27. AAFES personnel had a contractual obligation to review and process the Plaintiff's application for spousal Life Insurance on behalf of her late Husband.

28. The Plaintiff relied upon AAFES that it would process the insurance application and forward it to AETNA.

29. In consideration of her employment with AAFES and as part of that consideration AAFES agreed to process the applications for life insurance coverage and collect the premiums from the Plaintiff's salary.

30. That AAFES failed in its duty to process the application and failed to timely notify the Plaintiff that the insurance had never been issued by AETNA.

31. The Plaintiff relied upon AAFES's obligation to process the application and it's obligation to notify her of a denial or defect in the application process in sufficient time to seek out alternate insurance and/ to correct any defect in the application process

32. AAFES had the contractual obligation to exercise it's expertise in processing Plantiff's insurance application. Including notification of any fatal flaws in the process.

33. That as a result of the Defendant's breach of contract the Plaintiff, as named beneficiary, was denied insurance benefits in the amount of $30,000.00.

WHEREFORE, Miki Henry, respectfully requests that this Court enter judgement in her favor and against AAFES, in the amount of $30,000, plus costs of suit, pre and post interest and counsel fees interest and counsel fees.

By: William J. Howard

William J. Howard, Esq.
DC Bar NO. 45559
4316 Hamilton Street
Hyattsville, Maryland 20781
301-864-6700