IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MIKI HENRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | N o. 08-54C |
| v. | ) | (Judge Baskir) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to paragraph 4 of the Court's March 13, 2008 Special Procedures Order, and Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff and defendant respectfully submit the following joint preliminary status report:

(a) Jurisdiction: Does the Court have jurisdiction over this action?

Plaintiff contends that the Court possesses subject matter jurisdiction to entertain this action pursuant to the Tucker Act, 28 U.S.C. 1491. Compl. at p.2. Defendant contends that the Court lacks jurisdiction to entertain this matter.

(b) Consolidation: Should the case be consolidated with any other case?

No.

(c) Bifurcation: Should trial of liability and damages be bifurcated and the reasons therefore?

No.

(d) Deferral: Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?

No.

(e) Remand/Suspension: Will a remand or suspension be sought and the reasons therefore and the proposed duration?

No.

(f) Joinder: Will additional parties be joined and, if so, a statement describing such parties, their relationship to the case, and the efforts to effect joinder and the schedule proposed to effect joinder?

No.

(g) Dispositive Motions: Does either party intend to file a motion pursuant to Rule 12(b), 12(c) or 56 and, if so, a schedule for the intended filing?

Defendant intends to file its motion to dismiss or, in the alternative, motion for summary judgment within 30 days after the parties' Preliminary Status Conference with the Court. Defendant intends to rely upon the factual and legal bases outlined in

defendant's section contained in paragraph (h)(2)(b) below. Plaintiff intends to oppose defendant's motion based upon the factual and legal bases outlined in the complaint.

(h) <u>Relevant Factual and Legal Issues</u>: What are the relevant factual and legal issues?

(1) Plaintiff relies upon the legal and factual issues raised in the complaint.

Plaintiff relies upon the issues raised in the complaint.

(2) Defendant has identified the following legal and factual issues:

Whether plaintiff's failure to identify a separate source of substantive law that creates the right to money damages, other than 28 U.S.C. § 1491, denies this Court jurisdiction to entertain this matter.

(h)(2)(a) <u>Plaintiffs' Additional Statement of Facts and Legal Issues</u>

1. None. Plaintiff relies upon the facts alleged in the complaint.

(h)(2)(b) <u>Defendant's Additional Statement of Facts and Legal Issues</u>

1. Plaintiff filed the two-count complaint in the above-captioned matter on January 24, 2008, naming the Army & Air Force Exchange Service ("AAFES") as defendant to assert a claim against the United Stated based upon AAFES's alleged failure to process properly plaintiff's life insurance policy. Compl. ¶ 19. Plaintiff alleges that AAFES violated a fiduciary and contractual obligation to review, process, and provide notice of any defects in plaintiff's application for insurance or subsequent insurance policy. Compl., ¶¶ 19, 27, & 30 – 31.

2. Assuming plaintiffs' allegations to be true, the complaint should be dismissed pursuant to Rule 12(b)(1) of the Court's Rules. Plaintiff attempts to invoke the Court's jurisdiction pursuant to the Tucker Act, 28 U.S.C. § 1491 ("Tucker Act"). However, plaintiff has failed to articulate a separate money-mandating statute or regulation that demonstrates a source of substantive law other than the Tucker Act that creates the right to sue the United States. Accordingly, plaintiff's claim should be dismissed for lack of subject matter jurisdiction.

(i) Settlement: What is the likelihood of settlement? Is alternative dispute resolution contemplated?

The parties have discussed settlement and do not contemplate alternative dispute resolution.

(j) Trial: Do the parties anticipate proceeding to trial? Does any party or do the parties jointly request expedited trial scheduling, and, if so, the reasons why the case is appropriate therefore?

The parties are currently unable to predict whether this matter will proceed to trial.

(k) Electronic Case Management: Are there special issues regarding electronic case management needs?

No.

Additional Information: Is there any other information of which the Court should be aware at this time?

The parties are available for a preliminary status hearing on the following dates: May 23 and 30, 2008 and June 6, 2008.

(l) Discovery Plan:

In light of defendant's intent to file a dispositive motion, we assume discovery will be suspended. In the event that discovery is

not suspended, or if defendant's motion is not successful, the parties propose the following schedule:

| | |
|---|---|
| Exchange of Initial Disclosures: | July 15, 2008 |
| Close of Fact Discovery | September 15, 2008 |

Respectfully submitted,

FOR THE PLAINTIFF

/s/ William John Howard
WILLIAM JOHN HOWARD
Howard & Marcus
4316 Hamilton Street
Hyattsville, MD 20781
Phone: (301) 864-6700
Fax: (301) 779-8711

FOR THE DEFENDANT

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Mark A. Melnick by
Kirk Manhardt
MARK A. MELNICK
Assistant Director

/s/ Christopher L. Krafchek
CHRISTOPHER L. KRAFCHEK
Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Washington, D.C. 20530
(202) 305-0041 (Phone)
(202) 514-8624 (Fax)

Dated: May 12, 2008

Dated: May 12, 2008

**CERTIFICATE OF FILING**

I hereby certify that on the 12th day of May, 2008, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Christopher L. Krafchek