# In the United States Court of Federal Claims

Case No. 08-54C
(Filed: July 7, 2008)

* * * * * * * * * * * * * * * * * * * * * * * * * *
**MIKI HENRY,** *
*Plaintiff,* *
*
v. *
*
*
**THE UNITED STATES OF AMERICA,** *
*Defendant.* *
* * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

The Court issued an Order on June 6, 2008, instructing Plaintiff's counsel to review *United States v. Hopkins*, 427 U.S. 123 (1976) and *AINS, Inc. v. United States*, 56 Fed. Cl. 522 (2003), which suggest that the U.S. Court of Federal Claims lacks jurisdiction over Plaintiff's complaint. We ordered Plaintiff's counsel to file a response no later than June 23, 2008, suggesting further proceedings in this case. We further ordered that, should Plaintiff move to transfer this case to another Federal court, the motion was to be accompanied by a short memorandum asserting why the transferee court has jurisdiction over Plaintiff's claims.

Plaintiff's counsel filed a consent motion to transfer this case to the U.S. District Court for the District of Maryland, Southern Division, on June 21, 2008. In this motion, Plaintiff asserts that transfer to District Court "is in her best interest and in the interest of justice." Plaintiff has not, however, invoked any legal authority for transfer nor informed the Court why the transferee court has jurisdiction over Plaintiff's claims.

Transfer by the U.S. Court of Federal Claims is governed by 28 U.S.C. § 1631 (2006). This provision provides, in relevant part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any . . . court in which the action . . . could have been brought at the time it was filed . . . .

28 U.S.C. § 1631. In order for a case to be transferred, it must meet three elements: (1) the transferring court must lack subject matter jurisdiction; (2) at the time the case was filed, the case must have been able to have been brought in the transferee court; and (3) such a transfer must be in the interest of justice. *Sanders v. United States*, 34 Fed. Cl. 75, 81-82 (1995).

**Plaintiff's counsel is hereby ORDERED to file a short memorandum with the Court no later than July 28, 2008, invoking the proper legal authority for transfer and indicating why the transferee court has jurisdiction over Plaintiff's claims.**

**IT IS SO ORDERED.**

s/ Lawrence M. Baskir
LAWRENCE M. BASKIR
Judge