# In the United States Court of Federal Claims

Case No. 08-54C
(Filed: August 14, 2008)

* * * * * * * * * * * * * * * * * * * * * * * * * * * *
**MIKI HENRY,**
*Plaintiff,*

v.

**THE UNITED STATES OF AMERICA,**
*Defendant.*
* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**ORDER**

Plaintiff has brought suit against the United States, acting through the Army & Air Force Exchange Service (AAFES), a Non-Appropriated Fund Instrumentality (NAFI), to recover the face value of a supplemental spousal life insurance policy. Plaintiff alleges that AAFES's failure to properly process the insurance application she submitted to the personnel office in May 2002 constitutes breach of contract and breach of fiduciary duty by AAFES. Plaintiff seeks to recover $30,000.00 – the face value of the policy – plus legal fees.

Currently before the Court is Plaintiff's June 21, 2008, Consent Motion to Transfer this case to the U.S. District Court for the District of Maryland, Southern District (District Court). **For the reasons stated herein, we find that the NAFI doctrine does not automatically preclude this Court's jurisdiction over Plaintiff's claim against AAFES. We therefore DENY the Consent Motion to Transfer.**

## **Background**

Plaintiff, an employee of AAFES, filed a complaint in this Court on January 25, 2008. According to the complaint, Plaintiff elected to file for spousal life insurance on nehalf of her husband on May 24, 2002. Compl. ¶ 2. The complaint alleges that AAFES began deducting the premium for Plaintiff's supplemental insurance policy on or around June 7, 2002. *Id.* ¶ 4. However, according to the complaint, the insurance company (AETNA) never received the application forms. *Id.* ¶ 3. Plaintiff's husband therefore was not enrolled for supplemental life insurance benefits and, when he died, AETNA denied Plaintiff's claim for death benefits. *Id.* ¶¶ 5-6.

The Court held a Preliminary Status Conference (PSC) with the parties on June 6, 2008. During this PSC, the Court expressed its concern that it lacked jurisdiction over Plaintiff's claim which is directed against a NAFI. We cited two cases – *United States v. Hopkins*, 427 U.S. 123 (1976) and *AINS, Inc. v. United States*, 56 Fed. Cl. 522 (2003) – for the proposition that, as a general rule, this Court lacks jurisdiction over claims against NAFIs.

We issued an order on June 6, 2008, instructing Plaintiff's counsel to review this precedent and decide how to proceed. Plaintiff filed the instant Motion seeking transfer of the case to District Court on June 21, 2008. Upon receipt of the Motion, we ordered Plaintiff's counsel to file a separate memorandum demonstrating that the case meets the legal standard for transfer. Plaintiff's counsel filed that memorandum on July 28, 2008. Plaintiff asserts that transfer is proper because the District Court has jurisdiction over Plaintiff's claim against AAFES pursuant to 28 U.S.C. § 1346, the Little Tucker Act, and because Plaintiff's claim "does not sound in tort and is not excluded by any other Federal Statute." Plaintiff also contends that transfer is in the interest of justice.

## **Discussion**

The subject matter jurisdiction of the Court of Federal Claims is strictly construed. *United States v. John C. Grimberg Co., Inc.*, 702 F.2d 1362, 1372-74 (Fed. Cir.1983). The Tucker Act, 28 U.S.C. § 1491, is the

primary statute conferring jurisdiction on this Court. The Tucker Act provides that:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (emphasis added).

This Court is required by statute to transfer a claim over which it lacks subject matter jurisdiction to a court where that claim could have been brought when filed. *See* 28 U.S.C. § 1631. We therefore have broad discretion to transfer a case. *See Joseph Morton Co. v. United States*, 757 F.2d 1273, 1280 (Fed. Cir. 1985). However, in order for a case to be transferred, three requirements must be met: (1) this Court – the transferring court – must lack subject matter jurisdiction; (2) the case must have been able to have been brought in the transferee court at the time the case was filed; and (3) such a transfer must be in the interest of justice. *Sanders v. United States*, 34 Fed. Cl. 75, 81-82 (1995).

In the June 28 Memorandum in support of transfer, Plaintiff states:

> Based upon the cases cited by this Court, *United States v. Hopkins*, 427 U.S. 123 (1976) and *AINS, Inc. v. United States*, 56 Fed. Cl. 522 (2003), [Plaintiff] believes that she may not meet the definition of "employee" and thus, this Court may lack jurisdiction over this matter.

The Court raised *sua sponte* the so-called NAFI doctrine – a jurisdictional rule which generally precludes us from hearing suits against NAFIs. NAFIs are Federal Government entities whose "'monies do not come from congressional appropriation but rather primarily from [their] own activities, services, and product sales.'" *El-Sheikh v. United States*, 177 F.3d 1321, 1322 (Fed. Cir. 1999) (quoting *Cosme Nieves v. Deshler*, 786 F.2d 445, 446 (1st Cir. 1986)). The general rule is that this Court lacks

jurisdiction to grant judgment against the United States on a claim against a NAFI because the United States has not assumed the financial obligations of those entities by appropriating funds to them. *Id.* at 1324; see also *Hopkins*, 427 U.S. at 127. This general rule is based upon the principle that Congress did not intend to waive sovereign immunity from a suit based upon a breach of an obligation which it has left unfunded. *See El-Sheikh*, 177 F.3d at 1324.

The doctrine which precludes our jurisdiction over claims against NAFIs is inapplicable "where Congress has made special provisions[,]" *see El-Sheikh*, 177 F.3d at 1324, and explicitly waived its immunity against suit. Such a situation is present here. In 1970, Congress amended the Tucker Act to give this Court jurisdiction over claims which are based upon an express or implied contract with certain NAFIs. *See Taylor v. United States*, 49 Fed. Cl. 598, 602 (2001). Specifically, Congress amended the Tucker Act by adding the following provision:

> For the purpose of this paragraph, <u>an express or implied contract with the Army and Air Force Exchange Service</u>, Navy Exchanges, Marine Corps Exchanges, Coast Guard Exchanges, or Exchange Councils of the National Aeronautics and Space Administration <u>shall be considered an express or implied contract with the United States</u>.

28 U.S.C. § 1491(a)(1) (emphasis added).

The complaint alleges breach of contract and breach of fiduciary duty stemming from an insurance policy Plaintiff applied for through AAFES. *See* Compl. at 3-5. To the extent Plaintiff pleads the existence and breach of a contract with AAFES, this Court may have jurisdiction to entertain her claim. **Accordingly, the Consent Motion to Transfer must be DENIED as moot.**

## Conclusion

**Based on the foregoing, Plaintiff's Consent Motion to Transfer is DENIED.** The Government filed a Notice of Intent to Proceed by Dispositive Motion on March 25, 2008. Briefing on this motion shall proceed as follows:

| | |
|---|---|
| September 12, 2008 | Government to file dispositive motion |
| October 10, 2008 | Plaintiff to file response |
| October 24, 2008 | Government to file reply |
| October 31, 2008 | Parties to jointly file the Consolidated Statement of Uncontroverted Facts (CSUF) |

**IT IS SO ORDERED.**

s/ Lawrence M. Baskir
LAWRENCE M. BASKIR
Judge